## TATEM v. TATEM.

### July 2, 1836.

### *Case stated.*

Devise in these words: "All my debts, &c. to be paid out of my personal estate, and the remainder I give to my wife M. T. to enjoy the income for her support and the support of my minor children during her widowhood, and the estate to be and remain undivided until my youngest child should become to the age of 21 years: but if my wife should be still living and my widow, she shall have the income of my estate, &c.; but if my widow should incline to marry, after her marriage she shall have 30 pounds per annum during life, and all my children shall have an equal share of the whole of my estate that I now possess or may possess at my death, both real and personal, *at the time before mentioned for division;* and should any of my children die without heirs lawfully begotten, their share shall be equally divided amongst the surviving children." *Held,* that the real estate *vested* in the children immediately on the death of the testator, though not to be enjoyed by them in possession till the happening of the last of the two events of the death of the widow or the coming of age of the youngest child.

THIS was an action of partition brought by Maria Tatem and Robert S. Tatem against Rachel, John D., William E., Mary R., Jackson, Martha H., and John R. Tatem, to have parted and divided certain real estate described in the writ. The questions at issue were, the proportion in the premises to which each co-tenant had title, depending upon the construction of the will of Joseph Tatem deceased. The following case was stated for the opinion of the court, viz. :

[Tatem v. Tatem.]

"Joseph Tatem of the city of Philadelphia, executed in due form of law his last will and testament, bearing date the 10th day of May 1793, which was duly proven and recorded (*prout* the same). He was the owner of certain real estate in the city of Philadelphia, at the time of his death.

"Joseph Tatem, the above named testator, died in September 1793, and left at the time of his decease, the following children him surviving, viz. : Joseph R. Tatem, William Tatem, James Tatem, Samuel Tatem, Jun., Ezekiel Tatem, Maria Tatem, George W. Tatem and Robert S. Tatem, eight in number. He also left a widow, Mary Tatem, who died on the 3d day of June 1825, or thereabouts.

"Joseph R. Tatem, the eldest son of the testator, died in the year 1817, leaving the above named defendants his children and heirs at law, all of whom are of full age. He also left a widow who is now deceased.

"During the lifetime of the said Joseph R. Tatem (the eldest son of the testator), the following children of the testator and brothers of the said Joseph R. Tatem, departed this life, viz. : William Tatem, James Tatem, Samuel Tatem, Jun. and Ezekiel Tatem, and after the decease of the said Joseph R. Tatem, another of them also died, viz., George W. Tatem. All of them were living as aforesaid at the time of the testator's decease. The only now surviving children of the testator are the plaintiffs, Maria Tatem and Robert S. Tatem.

"The question submitted for the opinion of the court is, what portions of the real estate aforesaid belong to the plaintiffs and what portions belong to the defendants respectively. Judgment to be entered *quod partitio fiat*, according to the opinion of the court, and either party shall be at liberty to issue a writ *de partitione facienda* in conformity thereto."

The following was the will of Joseph Tatem, viz. :

" I Joseph Tatem of the city of Philadelphia, tailor, being in good health and sound mind, think it the most proper time to make this my last will and testament in the manner as follows, that is to say, that all my just depts and funeral charges is to be payd out of the personal estate, and the remainder do I give to my loving wife Mary Tatem, to enjoy the in*cum* for her support and the support of my mynor children, during her widowhood, and the estate to be and remain undivided untill my youngest child should become to the age of twenty-one years. But if my wife should be still living, and

[Tatem v. Tatem.]

my wid*d*ow, she shall have the whole of the in*cum* of my estate, she keeping the same in good repair and clear of all incumbrance, but if my wid*d*ow should incline to marry, after her marriage, it is my will that she shall have 30 pounds per annum out of my estate, during her natural life, and it is my will that all my children shall have an equal share of the whole of my estate that I now possess or may possess at my death, both real and personal, at the time before men*tine* for division, and should any of my children d*y*e without heir lawfully begotten, it is then my will that their share shall be equally divided amongst the surviving children, and in the presence of three witnes*es* I acknowl*age* this to be my last will and testament, with this su*p*lement, that is, that I d*u* a*p*oint my loving wife my executrix and my loving son, Joseph R. Tatem, my execu*ter* and guar*deun* to my m*oy*ner children, untill they may think proper to choose any other. Wit*nis* my hand and seal this 10th day of May 1793."

The question then was, at what particular period the freehold vested in the children of the decedent, inasmuch as the quantity of title of each party in the premises, for which partition was brought, depended on the decision of that point.

*C. Ingersoll,* for the plaintiffs, contended, that upon the whole will it appeared the testator intended that the freehold devised to them should not *vest* in the children until the death of the widow or the coming of age of the youngest child, whichever should last happen.

*Perkins,* for the defendants, argued that the freehold vested in the children immediately on the death of the testator, though not to be enjoyed by them in possession till the happening of the last of these two events.

The Court were of opinion with the defendant's counsel, and directed judgment to be entered accordingly, for each plaintiff seventeen forty-eighth parts, and for each defendant two forty-eighth parts.